FIDELIO SLUDER *v.* MINERVA ROGERS and others.

The minor heirs of one who died before the adoption of the Constitution of 1868, are not entitled to the Homestead provided therein.

*Note.*   A conveyance in trust to pay debts, made before the adoption of the Constitution, gives to the creditors secured, a lien superior to the Homestead.

(*Hill* v. *Kessler,* 63 N. C. 437; *McKethan* v. *Terry, ante* 25, and *Harshaw* v. *Henderson, at Chambers,* cited and approved.

PETITION by an administrator to sell lands, &c., heard by *Henry, J.,* at Fall Term 1869 of BUNCOMBE Court.

The intestate died before 1866, and the defendants, who were minors, and his heirs, claimed that they were entitled to a Homestead in the lands to be sold, under the Constitution.

His Honor gave judgment according to such claim, and the petitioner appealed.

SLUDER *v.* ROGERS, *et al.*

*Boyden and Bailey*, for the appellant.
*Phillips & Merrimon, contra.*

READE, J. It has been decided that the Homestead exemption is applicable to debts existing before the adoption of the constitution, *debts* not being a lien upon the debtor's property: *Hill* v. *Kessler*, 63 N. C., 437.

At this term it has been decided that the exemption is not applicable when the land had been *levied on* before the adoption of the constitution, the levy creating a lien &c. *McKethan* v. *Terry*, ante. In an application to me at Chambers a few days ago, in the case of *Harshaw* v. *Henderson*, in Rowan Superior Court, for an injunction to restrain a trustee from selling land to pay debts under a deed executed before the adoption of the constitution, I decided against the application, upon the ground that the conveyance was a *lien* to the amount of the debts secured, and that the Homestead exemption did not apply. In this I had the concurrence of my associate Justices of this Court, whom I consulted.

These cases seem to be decisive of the case before us. Upon the death of the father before the adoption of the Constitution, his lands descended to his children, his heirs, *cum onere,*—charged with the father's debts, to the extent of such debts after the personal property was exhausted. They had no power to sell it, and it was *assets*, which might be applied by the administrator : Rev. Code.

These heirs, minor children, are not entitled to a Homestead in the land descended to them from their father, as against their father's debts. They would be as against their own debts. So they would be as against their father's debts, if he had died *after* the adoption of the Constitution.

This will be certified.

PER CURIAM.                    Judgment reversed.